## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

Homayra Medero;
Freddie José Zayas;
Conjugal Partnership Medero-Zayas;
FJZA, YMNM, SMZM, JAZM, and JZM,
represented in this action by their
mother, Homayra Medero;
                    Plaintiffs
                         v.
John Roman;
Jennifer Vargas;
Officer López (first name unkwown);
Lieutenant Santiago (first name unkwown);
Officer Cruz (first name unkwown);
Lieutenant Bernabe (first name unkwown);
José Pérez Falcón;
Migdalia Santiago Torres;
Officer González (first name unkwown);
Daisy Rosario;
Pedro Toledo;
José Figueroa Sancha;
John Doe, Richard Roe, Freddie Moe, all
of which are fictitious names
representing employees, contractors or
agents of the Puerto Rico Police
Department, whose identities are unknown
at this time
                    Defendants

CIVIL No. 10-_____

42 U.S.C. § 1983,
42 U.S.C. § 1985,
TORTS,
TRIAL BY JURY

## COMPLAINT

TO THE HONORABLE COURT:

Now come all Plaintiffs, through the undersigned attorneys, and respectfully allege and pray as follows:

### I.    INTRODUCTION

1. This is an action for assault and battery, false arrest, abuse of power and related violations of the constitutional rights of Plaintiffs, by defendants. The claims, filed on behalf of Mrs. Homayra Medero, her husband Freddie José Zayas, their

conjugal partnership, and their children, arise from the acts and omissions of defendants, when all throughout the time period starting on September, 2008, and until the present day, they instigated unjustified criminal prosecution against plaintiffs with malice and without probable cause, and further subjected them to privacy violations. Defendants conduct in abuse of power and abuse of process, including but not limited to filing of false police reports, has led to the false arrest and incarceration of Plaintiffs.

2. Plaintiffs also file this action against the Bayamón Area Commanders, and Superintendents of the Puerto Rico Police Department (**P.R.-P.D.**) during all times relevant to this complaint, all of whom they allege were deliberately indifferent to their rights and caused the damages alleged, due to their failure to adequately supervise, evaluate, discipline, assign and/or monitor the police officers directly involved in the unlawful conduct causing damages to Plaintiffs. Plaintiffs also bring this action against as yet unidentified other persons, employees and agents of the P.R.-P.D., whose actions and omissions were taken in deliberate indifference to their rights and proximately caused their injuries. Plaintiffs' claims of damages are based on the violation of rights guaranteed under the Constitution and laws of the United States and Puerto Rico.

3. Co-defendants' actions deprived Plaintiffs of their due process rights, subjected them to cruel and unusual punishment, as well as to unreasonable seizures.

## II.  **JURISDICTION**

4. This action is brought pursuant to **42 U.S.C. § 1983**, as it pertains to deprivation of rights under color of state law.

5. This action is brought pursuant to **42 U.S.C. §1988**, Civil Rights Attorney's Fee Act.

6. This action is brought pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

7. Jurisdiction is founded upon **28 U.S.C. §§ 1331, 1343** and the aforementioned statutory provisions. Plaintiffs further invoke the supplemental jurisdiction of the Court pursuant to **28 U.S.C. § 1367** to hear and decide claims arising under the laws of Puerto Rico and any related claims which are deemed to be within respect to the pendent parties.

8. This is the proper venue to bring this action, since the cause of action arose in Puerto Rico and all parties reside in this jurisdiction.

## III. **PARTIES**

9. Plaintiffs Homayra Medero and Freddie José Zayas are citizens of Puerto Rico.

10. Minors identified as FJZA, YMNM, SMZM, JAZM, and JZM are the children of plaintiffs Medero and Zayas.

3

11. Named defendants were at all times relevant to this complaint police officers of the Commonwealth of Puerto Rico Police Department (P.R.-P.D.) assigned to the Bayamón Area.

12. The aforementioned defendants directly caused the injuries to plaintiffs, and the violation of their civil rights, when they unlawfully instigated criminal proceedings against Plaintiffs. Supervisory defendants also caused injury to plaintiffs by their actions and omissions in failing to prevent other defendants from using excessive force, and falsely prosecuting, arresting, and incarcerating Plaintiffs.

13. Defendants were at all times relevant to the complaint respectively Directors and the Area Commanders for the P.R.-P.D., and thus charged with the responsibility of supervising the actions of police officers directly interacting with Plaintiffs. On information and belief, these officers failed in their duty to supervise, evaluate, monitor, assign and discipline such agents, or otherwise assure that they would not represent a danger to citizens such as Plaintiffs, proximately causing the injuries alleged herein.

14. Defendants John Doe, Richard Roe, Freddie Moe were at all times relevant to this complaint employees or agents of the P.R.-P.D., charged with monitoring, supervising, evaluating, assigning, disciplining and administering or otherwise processing complaints within the complaint system of the P.R.-P.D., and failed in these duties with respect to defendants directly injuring Plaintiffs. These defendants, whose identity

4

is unknown to the plaintiffs at this time, proximately caused the injuries alleged herein by their deliberately indifferent actions and omissions with respect to the aforementioned duties and due to their failure to adequately identify, monitor and sanction and assign these officers, whose dangerous tendencies and behaviors led to the events complained of herein.

15. At all times relevant to this complaint, all defendants were acting under color of the law of the Commonwealth of Puerto Rico.

16. Defendants are all sued in their personal capacities.

### IV.  **FACTUAL ALLEGATIONS**

17. On or around September, 2008, plaintiff Medero became aware that her minor daughter, identified by SMZ, had come into contact with internet addresses which hosted material of sexually explicit content, generally suitable for an adult audience. Upon further investigation, Medero determined that the source of the objectionable material was another minor, identified by KF, who happens to be the stepdaughter of defendant and P.R.-P.D. officer John Roman.

18. Medero proceeded to initiate a dialogue with Roman regarding both children's behavior directly at the P.R.-P.D. station with geographical competence over her neighborhood, Bayamón Sur, and where Roman, as a member of said community, also happens to be on detail.

19. Medero's bringing the above issue to the attention of Roman caused her and her family to be repeatedly victimized by the hostility, ridicule, obscene and disparaging remarks proffered by several members of the Román-Fontán household, including not only minors, but officer Roman, as well. The above hostility escalated to the point where Plaintiffs' residence was vandalized by thrown objects, such as paint and glass bottles or containers.

20. In response, on or around November 25th, 2008, Medero filed a complaint, number 2008-7-211-15606, at the Bayamón Sur P.R.-P.D. station, with officer Jennifer Vargas, badge number 31814. No further action was taken by officer Vargas, or anyone else in the station regarding the complaint.

21. The hostile, harassing, and vandalizing conduct perpetrated by members of the Román-Fontán household against Plaintiffs continued unabated. Due to the P.R.-P.D.'s inaction regarding her initial complaint, on or around January, 2009, Medero filed a second complaint at the Bayamón Sur P.R.-P.D. station, with officer López, badge number 29737. No further action was taken by officer López, or anyone else in the station regarding the complaint.

22. The above conduct victimizing Plaintiffs continued to escalate indefinitely. Medero followed through by filing yet another complaint at the Bayamón Sur station, which she submitted this time in writing, and handed over to an officer of higher rank, Lieutenant Santiago. Although Medero requested

a copy of said written complaint, her request was denied by Santiago. No further action was taken by Lieutenant Santiago, or anyone else in the station regarding the complaint.

23. On or around January 15th, 2009, starting around noon, and uninterruptedly all throughout the afternoon until around 6:00 PM, YMNM, received insulting and threatening messages on her cell phone. YMNM later determined that the source of the offending messages came from a cell phone in possession of LF, another minor member of the Román-Fontán household.

24. Medero, highly distressed, called the Bayamón Sur station, requesting that a patrol car be send to take her complaint regarding the incident. As no patrol car was forthcoming, Medero repeatedly call back the station, to no avail. After the course of several hours, a patrol car did finally show up. However, instead of interviewing and taking Medero's complaint, the arriving officer – Officer Cruz, badge number 31626 – stopped instead by the Román-Fontán residence, and took a complaint – number 2009-7-211-2408 – against the victim of the incident, plaintiff YMNM, as opposed to against the offending party, LF.

25. Not until he was challenged by Medero as to how was it possible for LF, as the offending party, to end up as the complainant, did Officer Cruz issue a second cross-complaint – number 2009-7-211-2406 – between YMNM and LF. No further action was taken by Officer Cruz, or anyone else in the station regarding the complaint.

26. Medero escalated the issue to Lieutenant Bernabe. Lieutenant Bernabe's only contribution consisted in re-assigning the case to Officer José Pérez Falcón, badge number 22175. No further action was taken by Officer José Pérez Falcón, or anyone else in the station regarding the complaint.

27. Medero continued to diligently follow up with the above Officers, to no avail, while she and her family continued to be repeatedly victimized by the hostility, ridicule, obscene and disparaging remarks proffered by several members of the Román-Fontán household, which by that time had escalated to include dead threats and threats of other violent acts.

28. Medero filed yet another complaint, this time with Officer López, who had previously taken an earlier complaint based on the same pattern of conduct.

29. On February 16th, 2009, Medero sought and obtained a protective order against the Román-Fontán clan, from Judge Rafael Villafañe, number LA-2009-146. The parties appeared before the court on July 22nd, 2009. Officer Cruz appeared supposedly as a charge witness against LF, but surprisingly recanted his testimony and the documentary evidence he carried with him at the hearing, and proffered testimony which in fact portrayed YMNM as the charged party, and LF as the victim.

30. As Medero exited the court room to secure counsel for YMNM, and YMNM followed behind her, court marshal Migdalia Santiago Torres, LF and her mother, Ana Fontán, assaulted and physically restrained YMNM. As Medero tried to free YMNM from

such restraint, both YMNM and Medero were handcuffed, placed under arrest, and sent to separate withholding cells. Migdalia Santiago Torres then falsely filed formal assault and criminal contempt charges against Medero, for which she was incarcerated for nine (9) days at a correctional facility.

31. On September 11th, 2009, Officer González, from the Bayamón Norte station, served on Medero, through her husband, a summons to appear in court to face assault charges against Migdalia Santiago Torres on September 15th, 2009. The charge witness against Medero was Officer Daisy Rosario, badge number 32574, who was not present the day on which the alleged assault occurred, July 22nd, 2009.

## V.    FIRST CAUSE OF ACTION

32. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

33. The actions and omissions described herein constitute an illegal seizure of a person, an excessive use of force, false arrest, a violation of due process, and cruel and unusual punishment, in violation of the United States Constitution and actionable pursuant to **42 U.S.C. § 1983.**

34. Defendants respond jointly and severally to the plaintiffs for these violations, entitling plaintiffs to an award of compensatory damages, costs, interests and attorney fees.

35. Given the wanton and malicious actions and omissions as described herein, the plaintiffs are entitled to an award of punitive or exemplary damages.

9

## VI.  SECOND CAUSE OF ACTION

36. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

37. The actions and omissions described herein constitute a tort under the Constitution and laws of the Commonwealth of Puerto Rico, for which the defendants respond to the plaintiffs in compensatory damages, pursuant to **Article 1802 of the Civil Code of Puerto Rico.** This Court has supplemental jurisdiction to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

## VII.  THIRD CAUSE OF ACTION

38. Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

39. The actions and omissions described herein constitute obstruction of justice, and are actionable pursuant to **42 U.S.C. § 1985.**

## IX.  JURY DEMAND

40. Plaintiffs demand trial by jury.

## XI.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request the following relief, jointly and severally, against all defendants:

41. That this court determine that the actions by all defendants were in violation of the Constitution and laws of the United States and of Puerto Rico;

42. That the court award plaintiffs compensatory damages and punitive damages in excess of $3,000,000.00, which request for compensation is made up of the following amounts:

   a) $1,000,000.00 in compensatory damages for the harm done to Homayra Medero in violation of her constitutional rights;

   b) $1,000,000.00 in compensatory damages for the harm done to Freddie José Zayas, the Conjugal Partnership Medero-Zayas, and YMNM, SMZM, JAZM, and JZM, due to the actions taken against their wife and mother, and compensation for physical and emotional suffering;

   c) Punitive damages in excess of $1,000,000.00 due to the malicious and wanton nature of the violations alleged herein.

43. That plaintiffs be provided with the costs of this action, as well as statutory attorneys' fees and litigation expenses;

44. That the court provide for payment of all applicable interests, including prejudgment interest if indicated;

45. That plaintiffs be granted such other and further relief as the Court may deem appropriate and proper and retain jurisdiction over this action in order to assure full compliance with any decree issued by this court.

**Submitted** in New York, New York, this 21st day of July, 2010.

| S/William E. Meléndez Menéndez | S/Miguel A. Cuadros Pesquera |
|---|---|
| William E. Meléndez Menéndez | Miguel A. Cuadros Pesquera |
| USDC PR No. 226902 | USDC PR No. 114814 |

| CUADROS & CUADROS | CUADROS & CUADROS |
|---|---|
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 415 Park Avenue 15th Floor, Suite # 1233 | 701 Ponce de León Avenue Suite # 215 |
| New York, New York 10022 | San Juan, Puerto Rico 00907 |
| Tel. (718) 725-7387 | Tel. (787) 725-2652; (787) 722-5347 |
| We.Melendez@e-Lex.us | macuadros@cuad-law.com |

**12**